## ALBERT J. BATES *vs.* LOUIS COLVIN.

### PROVIDENCE—NOVEMBER 11, 1898.

PRESENT: Matteson, C. J., Tillinghast and Rogers, JJ.

(1) *Pleading and Practice at Law in District Court.*

An entry of appearance by a defendant in a District Court is equivalent to filing the plea of the general issue.

After filing the general issue a demurrer may not be filed; in a District Court a demurrer must be filed and disposed of, either in that court or on exception, before a claim is made for a jury trial.

(2) *Pleading. Demurrer.*

A demurrer is not a plea, but an excuse for not pleading; it opposes matter of *law* to the declaration, while a plea is an answer of matter of *fact.*

CASE, in a District Court, for expenses and loss of services caused by defendant's dog biting plaintiff's daughter. Heard on demurrer to the declaration filed in the Common Pleas Division after a decision for the plaintiff and claim for a jury trial filed by the defendant in the District Court.

(1)    TILLINGHAST, J.    It appears by the record in this case that the demurrer to the declaration was not filed in the District Court, but was filed in the Common Pleas Division after the case had been certified to that court on a claim for jury trial. It also appears that there was an entry of appearance by the defendant in the District Court, which, under Gen. Laws R. I. cap. 237, § 3,[1] was equivalent to filing the plea of the general issue. *Conley* v. *Bryant*, 19 R. I. 404. This plea being in, then, we do not see how, under the well settled rules of pleading, a demurrer could subsequently be filed.

---

[1] SEC. 3. The entry of appearance by the defendant in any case in a district court, shall be equivalent to filing the plea of the general issue; and if said case be tried in the district court, the defendant shall, on or before the day one week after the return day, concisely plead any special defences of law or fact which he may desire to plead. If no such defences be pleaded, the defendant shall be restricted to such matters as may be shown under the general issue, or its equivalent.

Defendant's counsel contends, however, that under Gen. Laws R. I. cap 238, § 3, he had the right to file his demurrer in the Common Pleas Division. Said section is as follows :

"SEC. 3. In any case certified to the common pleas division of the supreme court, on claim for jury trial from a district court, either party may file in said division such further pleas, legal or equitable, as he may see fit, within the period of ten days from the day of certification."

(2)  We do not think this language is broad enough to include a demurrer. A demurrer is not a plea, but, on the contrary, is an excuse for not pleading. Perry's Common Law Pleading, 174; *Haiton* v. *Jeffreys*, 10 Mod. 280. It is a declaration that the party demurring will go no further because the other has not shown sufficient matter against him that he is bound to answer. 1 Chit. Pl. 16 ed. 693. A plea, on the other hand, is the defendant's answer by matter of *fact* to the plaintiff's declaration. It is distinguished from a demurrer, which opposes matter of *law* to the declaration. Steph. Pl. 62.

(1)  If the defendant had desired to test the sufficiency of the declaration, he should have filed his demurrer in the District Court, and then, if aggrieved by any ruling thereon, the statute provides a remedy by a proceeding in this court whereby the questions of law which are raised may be promptly settled. Gen. Laws R. I. cap. 250, §§ 12–17. This procedure is evidently intended to facilitate the trial of cases by settling questions of law before the trial of the case on its merits, thus avoiding unnecessary expense and delay.

We are therefore of opinion that the demurrer is not properly before us. The case is remitted to the Common Pleas Division for trial on the merits.

*P. Henry Quinn*, for plaintiff.
*John H. Flanagan*, for defendant.