## FRANK H. WILBUR *vs.* HARRY BEST *et al.*

### PROVIDENCE—MARCH 29, 1901.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Pleading and Practice at Law. Procedure. Jury Trial. Ministerial Officers. Clerks of District Courts.*

The neglect of the clerk of a District Court to certify and transmit the case and papers, upon a claim of jury trial, to the Common Pleas Division, as provided in Gen. Laws R. I. cap. 237, § 8, does not deprive that Division of jurisdiction to try and determine the case. The act of the clerk in the premises is merely a ministerial one.

(2) *Pleading. Filing Additional Pleas in Common Pleas Division.*

*Semble*, chapter 238, section 3, providing that a party may file further pleas in the Common Pleas Division upon a claim of jury trial from a District Court within the period of ten days from the day of certification from the latter court, is directory only as to the time within which such pleas may be filed.

TILLINGHAST, J.  The plaintiff commenced this action in the District Court of the Eighth Judicial District on the 28th day of March, 1900, the writ being made returnable on the 11th day of April, 1900.  The case was duly entered and was answered by the defendants, and continued to April 25, 1900.  On May 2, 1900, decision was rendered for the defendants for costs, and within two days thereafter the plaintiff claimed a jury trial and paid the costs of court as taxed by the clerk.  The certificate of the clerk of the District Court, made on the back of writ, shows that some time in June (no day being given) he certified the papers in the case to the Common Pleas Division, on a claim for jury trial made within two days after decision in the District Court. The papers were received and filed by the clerk of the Common Pleas Division on July 2, 1900.  Thereafterwards the defendants moved that the case be dismissed on the ground that it was never legally certified and transmitted to the Common Pleas Division, and, hence, that the court had no jurisdiction to try and determine the same.  This motion was granted, and the case is now before us on the plaintiff's

petition for a new trial, based upon the alleged error of the Common Pleas Division in dismissing the case.

(1)    The vital question presented by the ruling here complained of is whether the neglect of the clerk of the District Court to certify and transmit the case and papers to the Common Pleas Division, as provided in Gen. Laws R. I. cap. 237, § 8, takes away the jurisdiction of that Division to try and determine the case. In other words, is the act of the clerk of the District Court in the premises a jurisdictional act? We do not think it is. On the contrary, it is a mere ministerial act which he is required to do by virtue of his office, and which simply has the effect to transmit the case to the Common Pleas Division, where a jury trial may be had. The claiming of jury trial and paying the costs, under the present mode of procedure, takes the place of, and is tantamount to, an appeal under the old mode of procedure. And instead of putting the appellant to the expense of obtaining a certified copy of the case and filing it, together with his reasons of appeal, in the upper court, as was formerly required, the original papers are now required to be certified up by the clerk. By claiming a jury trial in writing, in the District Court, as the plaintiff did, he clearly became entitled thereto, and no act or neglect on the part of the clerk of that court could deprive him of that right. Section 7 of said chapter 237 provides that "In all civil cases in a District Court," except those for the possession of tenements let, &c., "the plaintiff or defendant may claim a jury trial in writing on the entry-day of the writ; and either plaintiff or defendant may claim a jury trial in writing within two days, exclusive of Sundays and legal holidays, after the decision is made, . . . *provided*, that the party claiming such jury trial . . . shall pay *all* costs."

Section 8 provides that "If a jury trial be so claimed, the case and papers shall, on the next court-day of such district court, be certified and forthwith transmitted to the common pleas division of the supreme court sitting in the county where the district court is established : to come up for assignment in Providence county on the first Monday of the month

(exclusive of August and September) whose first Monday occurs next after the period of ten days from the date of such certificate."

Having duly claimed a jury trial and paid the defendants' costs, the plaintiff did all that was required of him by the statute, and, indeed, all that he could do until the time within which it was the duty of the clerk to certify and transmit the case had expired. That time did expire on May 9, 1900, that being the next court-day of said District Court. After that time it was, doubtless, competent for the plaintiff, if he had seen fit, to have proceeded by *mandamus* against the clerk to compel him to forthwith certify the case to the Common Pleas Division for trial. If this were not so, the plaintiff's right to a jury trial in such cases would depend solely upon the performance by the clerk of his statutory duty, which is a result that was evidently never contemplated by the statute in question. It being clear, then, that *mandamus* would lie in case of the failure of the clerk to discharge his duty, it logically and necessarily follows that the court to which he could be thus compelled to transmit the case would have jurisdiction to try and determine it. But defendants' counsel argues that if a case is not certified up at the time required by statute, the other party has the right to presume that it is not to be further prosecuted, and, hence, that he is not called upon to take any further steps in the premises. He also argues that if a case can legally be certified up after the expiration of the statutory time, it lies with the clerk to determine when this shall be done, and it therefore follows that much confusion, uncertainty, and delay would result from such a practice, to the great annoyance and disadvantage of litigants. We appreciate the practical force of these arguments, and doubt not that they would appeal very strongly to the good judgment and wisdom of the General Assembly as a reason for some additional legislation in the premises ; but they are quite insufficient to warrant us in holding that a party may, therefore, be deprived of a trial by jury. Indeed, to so hold would be to render the statute in question unconstitutional—in that it would violate the right

of trial by jury. And courts should never put such a construction upon a statute as would make it unconstitutional, if any fair and reasonable construction thereof would prevent such a result. Sutherland on Stat. Con. § 332, and cases in note 5.

(2)  As to the point taken by counsel that unless the case is duly certified up the defendant might lose his right to file further pleas under section 3, chapter 238, which provides that "either party may file . . . such further pleas, legal or equitable, as he may see fit, within the period of ten days from the day of certification," as there is no provision for notifying him of the time when such irregular certification takes place, we think it is sufficient to reply that, in our opinion, said last-mentioned statute is directory only as to the time within which such pleas may be filed, and, hence, the rights of the defendant thereunder can be duly protected by the court.

We, therefore, decide that the ruling of the Common Pleas Division in dismissing the case was error, and grant the plaintiff's petition for a new trial.

In order to avoid similar confusion, delay, and vexation in the future, and to insure the regular and orderly trial of cases certified from District Courts, it is certainly to be hoped that the statute providing for their removal will be complied with. And while we hold the provision of the statute to be directory, we do not intend to be understood as saying that it is not the imperative duty of the clerk to obey it. The time allowed for certification is reasonable, and delay on the part of the clerk to send forward papers promptly is likely to produce great annoyance and uncertainty in the subsequent proceedings in the case.

Petition for new trial granted.

*Franklin P. Owen*, for plaintiff.
*Marquis D. L. Mowry*, for defendants.