THOMAS G. MATHEWSON *vs.* NATHAN B. LEWIS *et al.* ·

JANUARY 29, 1912.

PRESENT: Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

*(1)  Procedure.   Trespass and Ejectment.   Default.   Claim of Jury Trial.*

Where a writ of trespass and ejectment is entered in a district court with a
claim for jury trial, and defendant fails to enter appearance before the end
of the session, the claim for jury trial should be disregarded and the case
defaulted under the provisions of Gen. Laws, 1909, cap. 286, § 5, and it is
the duty of the court to enter judgment and issue execution in accordance
with law, unless execution had been stayed in some proceeding begun for
the purpose of removing the default.

*(2)  Entry of Appearance.   Default.*

The receipt by a clerk of a district court through the mail of an entry of
appearance for defendant in an action of trespass and ejectment on the day
following the entry day of the writ is without legal effect since the right to
answer ceased at the close of the session of the court upon entry day.

*(3)  Removing Default.   Accident and Mistake.*

Where it was the duty of a district court to have defaulted a case and to have
entered judgment, if defendant claims its failure to answer was due to acci-
dent, it should, in a proper proceeding, move the court to set aside the
default and judgment which, according to law, should have been  entered
and which in such proceeding could be treated as actually entered.

MANDAMUS.

SWEETLAND, J.   This is a petition for a writ of mandamus
against the justice and clerk of the District Court of the
Second Judicial District.

The petitioner commenced his action of trespass and
ejectment against the Mathewson Company, a corporation,
and others by writ, issued from said district court, dated
October 7th, 1911, and returnable to said district court on
October 19th, 1911.   Said writ was duly served upon the
defendants and said writ and the declaration were duly
entered in said court on the return or entry day of said writ
before the call of the docket in said court on said day.   The
petitioner also filed with said writ upon the entry day

(1) thereof a written claim for jury trial in accordance with the provisions of Chapter 286, Section 7, General Laws, 1909. The effect of filing said claim of jury trial, as interpreted by this court in *Needle* v. *Biddle*, 32 R. I. 342, was to require the clerk of said district court at once to certify and transmit the case and the papers therein to the Superior Court: *Provided*, the defendants in said case entered their appearance in the case on the entry day during the session of the court. If the defendants did not so enter their appearance the filing of said claim of jury trial by the petitioner was without effect. The defendants in said case failed to enter their appearance upon the entry day of the writ before the end of the session of said court. It thereupon became the duty of said court, in accordance with Chapter 286, Section 5, General Laws, 1909, to disregard the claim of jury trial filed by the petitioner, to default said case and to enter judgment for the plaintiff therein as of the entry day of said writ; on the following day, or at any time thereafter within the period limited by the statute, upon the request of the plaintiff in said case it was the duty of the clerk of said court to issue execution upon said judgment, unless the issue of such execution had been stayed in some proceeding begun for the purpose of removing the default and judgment and reinstating the case. The said district court failed to (2) default said case or to enter judgment therein. On the afternoon of the day following the entry day of said writ the clerk of said district court received through the mail, from the attorney of the defendants, a written entry of appearance for the defendants to be filed in said case. The receipt of this paper, was without legal effect as the defendants' right to answer ceased at the close of the session of said court upon the entry day of the writ. If, as is now claimed by the defendants' attorney, the failure of the defendants in said action to enter their appearance within the time prescribed by statute was due to accident, mistake and unforeseen cause, the defendants should have brought that fact to the attention of said district court in a proper proceeding

addressed to it, wherein the defendants should have moved that the court set aside the default and the judgment which according to law should have been entered on the return day of said writ and which in such proceeding could be treated as actually entered. In such proceeding after proper notice and hearing and for cause shown the court would have the power to remove the default and judgment, to reinstate the case, and to permit the defendants to answer. No such proceeding has been commenced by the defendants.

On the second day after the return day of said writ this petitioner demanded of said clerk that judgment be entered for the plaintiff in the case and that an execution be issued to him. This demand was referred by said clerk to the justice of said district court. After consideration the justice directed the clerk to certify and transmit the case and the papers therein to the Superior Court for jury trial upon the claim therefor filed by the petitioner as above set forth. This determination and direction of said justice was erroneous. The petitioner was entitled to have judgment entered and an execution issued as by him demanded.

The petitioner is entitled to a writ of mandamus directed to said justice and said clerk commanding said justice to order said case to be defaulted and to order judgment to be entered thereon for the plaintiff as of the return day of said writ and commanding said clerk to issue to the plaintiff in said case an execution upon the judgment so entered.

*Henry P. Eldredge, Jr.,* for petitioner.
*Charles E. Gorman, Frederick C. Olney,* for respondents.