JULIAN H. DURFEE *vs.* DISTRICT COURT, FIRST JUDICIAL DISTRICT.

JULIAN H. DURFEE *vs.* SUPERIOR COURT.

JULIAN H. DURFEE *vs.* DISTRICT COURT, FIRST JUDICIAL DISTRICT.

DECEMBER 12, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, and Sweeney, JJ.

*(1)    Mandamus.    Jurisdiction.    Trespass and Ejectment.*

Upon entering a writ of trespass and ejectment in a district court plaintiff filed a claim for jury trial. Defendant during the session of the court answered the case and filed a special appearance "for the purpose of demurring to said declaration." One week after the entry day, the cause was certified to the superior court which remanded it to the district court for want of jurisdiction:—

*Held,* that under Gen. Laws, cap. 286, §§ 7 and 8 in connection with § 5, providing that in such an action either party may claim a jury trial on entry day and if the case be answered during the session of the court it shall at once be certified to the superior court, the provision for certification is mandatory, and a district court is not justified in retaining such case for any purpose.

*Held,* further, that the case should have been certified on entry day, and when it was certified on the following week such certification should have been considered as of the entry day, and the superior court should have retained jurisdiction.

*(2)    District Courts.    Certification of Cause.    Jurisdiction.*

The failure of a clerk of a district court to certify a case upon a claim for jury trial at the time required by statute, does not affect the jurisdiction of the superior court, and if the case is later certified whether voluntarily or by mandamus proceedings, it should be treated as far as circumstances will permit as though duly certified in accordance with the statute.

*(3)    Trespass and Ejectment.    Jurisdiction.    Certification.*

Upon entering a writ of trespass and ejectment in a district court plaintiff filed a claim for jury trial. Defendant during the session of the court answered the case which was continued one week "for hearing on demurrer."

*Held,* that while the positive requirement of the statute for certification admitted of no exception, such certification was in effect a transfer of the entire case to the superior court, where it should be tried on all issues of law or of fact which may arise between the parties.

*(4)    Pleading.    Trespass and Ejectment.    Further Pleas in Superior Court.*

Although the language of Gen. Laws, cap. 287, § 3, as amended by Pub. Laws, cap. 2184, giving to parties in any case certified to the superior court from a

district court on claim of jury trial, the right to file further pleas within 10 days from certification, is general, it is so inconsistent with the procedure in trespass and ejectment prescribed by cap. 286, § 8, that neither § 3 of cap. 287 nor the decision in *Bates* v. *Colvin*, 21 R. I. 57, construing said section is applicable, to such cases.

MANDAMUS.    Heard upon petitions for writs and granted.

SWEETLAND, C. J.    Each of the above entitled causes is a petition for a writ of mandamus to be directed against the respondent court requiring it to take certain action.    The questions involved are related and the petitions were heard together.

It appears by the papers that on November 17, 1922, the petitioner entered in the District, Court of the First Judicial District his writ in an action of trespass and ejectment against the Standish-Barnes Company, a corporation, and Julia A. P. Sullivan to recover possession of a tenement in the city of Newport claimed to be let or held at will or by sufferance; that said November 17 was the entry day of said writ; that with his writ the petitioner filed in said district court his claim for jury trial in writing; that during the session of the court upon said entry day the defendant answered the case and filed the following: "The defendants hereby appear specially for the purpose of demurring to said declaration Robert M. Franklin, Defts. Atty.; "that on November 24, 1922, the cause commenced by said writ was certified to the Superior Court; that on December 4, 1922, the case was before the Superior Court upon the plaintiff's motion to assign; that on December 6, 1922, the Superior Court denied the motion on the ground that the case was not properly before it and that the Superior Court was without jurisdiction in said case.    The case and the papers were then remanded to said district court and the papers are now in the possession of said district court. These are the essential facts as far as they relate to the first two of the above entitled causes and on these facts the petitioner asks that said district court be ordered to return the papers in said case to the Superior Court, and that the

Superior Court be ordered "to entertain jurisdiction of said cause, to assign said case for trial, to place said case at the head of the docket immediately and to proceed with the trial of said cause."

As to the third of the above entitled causes it appears that on December 5, 1922, the petitioner entered in the District Court of the First Judicial District his writ in an action of trespass and ejectment against the Newport Poster Advertising Company, a corporation, and Julia A. P. Sullivan for the possession of a tenement in Newport claimed to be let or held at will or by sufferance; that said December 5, 1922 was the entry day of said writ; that with the writ the petitioner filed in said district court his claim for jury trial in writing; that during the session of that court upon said entry day said case was answered by the defendants and the case was continued by said district court "to December 12, 1922, for hearing on demurrer." Upon these facts the petitioner asks that said district court be ordered to certify said case forthwith to the Superior Court.

By statute each district court is given exclusive original jurisdiction "over all actions properly brought within its district for the possession of tenements or estates let or held at will or by sufferance." Section 28, Chapter 280, General Laws, 1909. All the provisions with reference to practice in said actions, in the district courts or in the upper courts upon appellate proceedings, indicate the legislative intent to place them in a distinct class and to prevent delay in bringing them to trial and in their disposition. Many of the provisions relating to procedure in the district court, and in the superior court upon a claim for jury trial from the district court, which are pertinent to suits upon other causes of action are without application to actions of this kind; and the same can be said of the decisions of this court construing statutory provisions which have a general application to other causes arising in district courts. While this class of cases shall proceed expeditiously to their conclusion, we should not assume that it is the intent of the statute

that the defendant is to be deprived of full opportunity to present any proper defence of law or of fact that he may desire to interpose, with the proviso, that it is the duty of the court firmly to insist that in the presentation of such defences there shall be no unnecessary delay.

From these general considerations we will pass to the specific questions before us. Sections 7 and 8, Chapter 286, General Laws, 1909, in connection with Section 5 of said chapter, provide that in a case for the possession of a tene-

(1) ment let or held at will or by sufferance a plaintiff, as well as a defendant, may claim a jury trial on the entry day of the writ in the district court, and if the case be answered during the session of the court on that day it shall at once be certified to the superior court for the county wherein the district court is established. This provision for certification is mandatory upon the clerk and we knew of no circumstances which would justify him in failing to make certification as thus directed; neither would a district court be justified in retaining such case for any purpose. In *Mathewson* v. *Lewis*, 33 R. I. 398, we held that in a case for the recovery of tenements let or held at will or by sufferance, unanswered during the session of the court upon its entry day, although jury trial had been claimed on that day by the plaintiff, such case should not be certified but should be defaulted in accordance with the provisions of Section 5 of said Chapter 286, as in such circumstances the provision for default contained in Section 5 controls that for certification contained in Section 8.

On November 17, 1922, the case of *Durfee* v. *Standish-Barnes Co. et al.* should have been certified and transmitted to the Superior Court. When on November 24, 1922, the case was certified, such certification should be considered as of the entry day, November 17, 1922, as far as the rights of the parties are concerned. It is our opinion that the Superior Court should not have refused to take jurisdiction of the case and should not have ordered it remanded to the

(2) district court. The failure of the clerk of a district court to certify a case upon a claim for jury trial at the time

required by statute does not affect the jurisdiction of the Superior Court. If the case is later certified, either voluntarily or when the clerk is directed to do so by mandamus the case should be treated in the Superior Court, as far as circumstances will permit, as though duly certified in accordance with the statutory requirement. *Wilbur* v. *Best*, 22 R. I. 550.

In reference to *Durfee* v. *Newport Poster Advertising Co., et al.*, the defendants urge that the case should be retained in the district court until there can be a decision upon their demurrer, as the demurrer presents no issues for the determination of a jury. While this contention is entitled to weight, the positive requirement for certification, at once, on entry day, does not admit of this exception. For the expedition of his cause, the statute grants to a plaintiff, in an (3) action of this nature, who claims a jury trial on the entry day, immediate certification to the Superior Court, where such jury trial can be speedily afforded him; but we can not hold that in granting this to the plaintiff the general assembly intended to deprive a defendant of an opportunity to interpose a matter of law against the declaration. In view of the positive requirement for immediate certification, and also the rights which must remain in a defendant, we are of the opinion that, although the case is certified upon a claim of jury trial filed by the plaintiff, such certification is in effect a transfer of the entire case from the District Court to the Superior Court, where it is to be tried on all the issues of law or of fact which may arise between the parties. Reference has been made at the hearing to the provision contained in Section 3, Chapter 287, General Laws, 1909, amended by Chapter 2184 Public Laws, 1922, giving to the parties in any case certified to the Superior Court from a district court on claim of jury trial the right to file further (4) pleas within ten days from certification; reference has also been made to the comments of this court upon that provision in *Bates* v. *Colvin*, 21 R. I. 57, in which case it was held that this provision was not broad enough to include a demurrer. Although the language of that section is general

it is so inconsistent with the procedure in trespass and ejectment cases of this kind in the Superior Court which is prescribed in Section 8 of Chapter 286, that in our opinion neither said Section 3 of Chapter 287 nor the decision in *Bates* v. *Colvin, supra,* is applicable to such cases. As we have said above, the certification of a duly answered case for the possession of tenements let or held at will or by sufferance on the plaintiff's claim for jury trial on entry day amounts to a transfer of the case to the Superior Court; and the case is there to be expeditiously assigned and tried without unnecessary delay upon all the issues between the parties. In the absence of explicit statutory regulation the Superior Court has authority to so regulate the travel of the cause in that court that there may be a speedy determination of the case and that all the rights of the defendant may be protected.

Upon the first of the above entitled causes a writ of mandamus will issue directing the District Court of the First Judicial District to transmit at once the papers in *Durfee* v. *Standish-Barnes Co. et al.,* to the Superior Court in the county of Newport.

Upon the second of the above entitled causes a writ of mandamus will issue to the Superior Court in the county of Newport directing it to entertain jurisdiction of the cause of *Durfee* v. *Standish-Barnes Co. et al.* We will not, however, by said writ direct said Superior Court as to the manner in which it shall exercise its jurisdiction in said cause.

Upon the third of the above entitled causes, a writ of mandamus will issue to the District Court of the First Judicial District directing it forthwith to certify and transmit to the Superior Court in the county of Newport the case of *Durfee* v. *Newport Poster Advertising Co. et al.,* said certification to be as of the date of the entry day in said case.

*Waterman & Greenlaw, Lewis A. Waterman, Alfred H. Lake, for petitioner.*

*Sheffield & Harvey,* for respondents.

*Robert M. Franklin,* for certain respondent in case against Superior Court.